# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARIA ELENA CASTRO GONZALEZ,**
**individually and as Personal Representative**
**of the Estate of JOSE H. GONZALEZ,**

        **Plaintiff,**

-vs-                                               **Case No.  6:08-cv-1279-Orl-35DAB**

**A & J TIRE SERVICE, LLC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT A & J TIRE SERVICE, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR FOR MOTION FOR MORE DEFINITE STATEMENT (Doc. No. 11)**
>
> **FILED:** **September 15, 2008**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. It is further **RECOMMENDED** that the case be consolidated with Case No. 6:08-cv-315-35DAB for pretrial purposes as set forth below.

Plaintiff Maria Elena Castro Gonzalez[1] sued Defendant A&J Tire Service, LLC for claims arising out of a fatal rollover car accident that occurred on August 24, 2006 when Jose H. Gonzalez ("the Decedent") was involved in a single-car motor vehicle accident while traveling on Interstate 95

---

[1] Mrs. Gonzalez asserts claims individually and as the personal representative of the estate of the Decedent.

in Cocoa, Brevard County, Florida. Doc. No. 3. Plaintiff asserts that the Decedent was the owner of a 1996 Ford Explorer motor vehicle, equipped with two Pirelli "Trailhandler Radial" tires distributed by Sears and that one of the Pirelli tires located on the right rear of the Decedent's vehicle was defective. Doc. No. 1 at 8-10. Plaintiff already has a case pending against Ford Motor Company[2] in Case No. 6:08cv315, and subsequently filed this suit against A&J Tire Service, LLC ("A&J Tire"), on July 31, 2008. Doc. Nos. 1.

A&J Tire now moves for dismissal of Plaintiff's Complaint or for a more definite statement, which Plaintiff opposes. For the reasons set forth herein, the Court recommends that the Motion to Dismiss or for More Definite Statement be **DENIED.**

## STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus*, __ U.S. __, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). To satisfy the Rule 8 pleading requirements, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See also Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (citations omitted). Previously, the general standard provided that a complaint should not be dismissed for failure to state a claim unless it appeared beyond doubt that plaintiff could prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

---

[2]Plaintiff settled her claims against Pirelli Tire, LLC and Sears, Roebuck & Co., and those claims were dismissed with prejudice on July 10, 2008. Doc. Nos. 62, 63.

However, the former "no set of facts" language in *Conley v. Gibson*, has been "retired" in favor of a somewhat heightened requirement for a plaintiff to supply more than just any conceivable set of facts tending to support a claim, but "enough facts to state a claim to relief that is plausible on its face." *Huggins v. Marriott Ownership Resorts, Inc.*, __ F. Supp.2d __, No. 6:07-cv-1514-Orl-22KRS, 2008 WL 552590 (M.D. Fla. Feb. 27, 2008) (discussing *Twombly* in dismissing contract claims) (Conway, J.); *see also In re Faro Technologies Securities Litigation*, 534 F.Supp.2d 1248, 1255 (M.D. Fla. 2007) (granting dismissal of certain securities fraud claims).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965. Plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.* Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of a plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

A defendant may seek a more definite statement, pursuant to Rule 12(e), Federal Rules of Civil Procedure. The basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient. *S.E.C. v. Digital Lightwave, Inc.,* 196 F.R.D. 698, 700 (M.D. Fla. 2000) (citing *Sun Co., Inc. v. Badger Design & Constructors, Inc.*, 939 F.Supp. 365 (E.D.Pa. 1996).)

## BACKGROUND FACTS[3]

The Decedent, Jose H. Gonzalez, owned a 1996 Ford Explorer motor vehicle[4] (the "Vehicle") equipped with two Pirelli "Trailhandler Radial" Tires, distributed by Sears.  Doc. No. 1 ¶ 8-9.  On August 22, 2006, A&J Tire installed two new Cooper tires on the front of the Vehicle, leaving the two older Pirelli tires on the rear of the Vehicle.  Doc. No. 1 ¶ 11.  A&J Tire was aware that the Vehicle was being driven to Florida by the Decedent to their new home; that was the reason the Decedent went to A&J Tire to get the care ready for the trip to Florida.  Doc. No. 1 ¶ 12.

On August 24, 2006, Plaintiff was the front seat passenger in the Vehicle being driven by the Decedent.  Doc. No. 1 ¶ 13.  The Decedent was driving the Vehicle southbound on Interstate 95 in the City of Cocoa, Florida when a failure of the right rear tire occurred.  Doc. No. 1 ¶ 14.  The Vehicle began to rotate and move toward the west shoulder; the Vehicle overturned and rolled several times, coming to rest on its roof (the "Accident").  Doc. No. 1 ¶ 15-16.  Plaintiff was injured and her husband, the Decedent, suffered injuries, damages and loss of his life, as a direct and proximate result of the Accident.  Doc. No. 1 ¶ 17-18.  On July 31, 2008, Plaintiff filed her Complaint, asserting claims under the Florida Wrongful Death Act, Fla. Stat. § 768.16 et seq. and for negligence under Florida law.  Doc. No. 1 ¶ 22-23.

## ANALYSIS

A&J Tire contends that Plaintiff's Complaint should be dismissed because it merely alleges that A&J Tire installed two new Cooper tires on the front end of Decedent's vehicle on August 22, 2006, and these tires were not alleged to be the cause of the accident.  Doc. No. 11.  A&J Tire also contends that there is no allegation that A&J Tire performed any repairs to the tires located on the rear of the vehicle – where the allegedly defective tire was installed – warranting dismissal of the

---

[3]The facts are either undisputed or read in the light most favorable to the party opposing a motion to dismiss.

[4]Vehicle Identification Number 1FMDU34X0TUA29151. Doc. No. 1 ¶ 8.

Complaint. Doc. No. 11. A&J Tire also moves for dismissal of the negligence claim against it based on the argument that there is no allegation in the Complaint that it A&J Tire was aware Decedent's vehicle was going to be driven to Florida, and there is no documentation attached to the Complaint documenting the scope of the work it agreed to perform on August 22, 2006. Thus, according to A&J Tire, Plaintiff has failed to "demonstrate" that it had a legal duty to perform maintenance to the rear end of Decedent's vehicle. Doc. No. 11. Additionally, A&J Tire contends that there is no allegation relating to the two new Cooper tires it installed on the front; the Complaint on its face alleges that A&J Tire did not place any tires at all of the rear of Decedent's vehicle. Doc. No. 11 at 4. In the alternative, A&J Tire moves for the Court to order a more definite statement.

Plaintiff responds that the Complaint asserts that A&J Tire negligently installed the new Cooper tires on the front of the vehicle, and left the old Pirelli tires on the rear of the Vehicle, against industry practice, and failed to warn the Decedent of the danger. Doc. No. 13. Under Florida law, actions for wrongful death are "considered separate and distinct from actions for personal injury." *Lee v. CSX Transp., Inc.*, 958 So.2d 578, 582 (Fla. 2d DCA 2007). As the Florida Supreme Court has recognized, a wrongful death statute is not intended "to preserve the right of action which the deceased had and might have maintained had he simply been injured and lived." *Id*. (citing *Ake v. Birnbaum*, 25 So.2d 213, 221 (1945)). The cause of action for wrongful death is "an entirely new cause of action" which is based on "an entirely new right" in enumerated survivors of the deceased. *Id.* However, even though Plaintiff's claims for negligence and wrongful death are separate causes of action, A&J Tire argued the deficiencies in Plaintiff's claims collectively, and the Court will consider the claims together.

Plaintiff contends that the gravamen of its case against A&J Tire is that it is well-known in the tire industry that newer tires should go on the rear of the vehicle and older tires should go on the front;

to do otherwise is negligence. Doc. No. 13. To state a claim for negligence in the context of tire failure under Florida law, plaintiffs must allege: (1) that the defendant knew or should have known the tire was likely to be dangerous; (2) that defendant failed to exercise reasonable care to inform the plaintiffs of the tire's dangerous condition; (3) injury to the plaintiff proximately caused by defendant's breach of duty; and (4) that defendant had "no reason to believe that [the plaintiffs would] realize [the tire's] dangerous condition." *Alvarez v. E & A Produce Corp.*, 708 So.2d 997, 1000 (Fla. 3d DCA 1998) (citing Restatement (Second) of Torts § 388).

Plaintiff alleges specifically that A&J Tire negligently installed two new Cooper tires on the front of the Vehicle, leaving two older Pirelli tires on the rear of the Vehicle. Doc. No. 1 ¶ 11. Plaintiff further alleges that A&J Tire knew or should have known that leaving the old tires on the rear of the Vehicle and placing the new tires on the front of the Vehicle recklessly exposed the occupants of the Vehicle to unnecessary danger. Doc. No. 1 ¶ 21. Plaintiff alleges that A&J Tire failed to warn the Decedent of the dangers presented by installing the new tires on the front of the Vehicle and leaving the older tires on the rear. Doc. No. 1 ¶ 20. Plaintiff has sufficiently alleged under Florida law a claim for negligence personal to Maria Gonzalez and, as Decedent's personal representative, for wrongful death.

Plaintiff's argument that the Motion to Dismiss should be denied because it is untimely is not well taken. While A&J Tire had twenty days from the date it was served[5] on August 22, 2008 to respond with a motion to dismiss or answer, but the period is extended by three days when served by mail, pursuant to Rule 6(d). Since there is no return of service on file, it is not clear how service was made on A&J Tire and the Court will accord it the benefit of the doubt.

**Consolidation**

---

[5]Fed. R. Civ. P. 12(a)(1)(A)(i).

Following a status conference on October 15, 2008, on the two related cases, it is **RECOMMENDED** that this case be consolidated with *Gonzalez v. Ford Motor Company*, Case No. 6:08-cv-315-35DAB, for pretrial purposes; with the decision of whether to consolidate the cases for trial to be decided in the final stage of the litigation, closer to trial.  It is further **RECOMMENDED** that the parties be ordered to file an amended Case Management Report within **11 days** of any order adopting the recommendation to consolidate the cases for pretrial purposes.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 17, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy